IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERRY LEE WARNER  # 84411**                                                                      **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 3:18cv190-TSL-RHW**

**ANDY LEDBETTER**                                                                                   **DEFENDANT**

### REPORT AND RECOMMENDATION

Before the Court is [5] the *pro se* Plaintiff's "objection to Defendant's notice of removal" in this prisoner lawsuit originally filed March 6, 2018 in the Circuit Court of Holmes County, Mississippi. Asserting federal question jurisdiction, Defendant removed the action to this Court on March 26, 2018. On April 9, 2018, Plaintiff filed [5] an "objection to Defendant's notice of removal." Defendant has treated the objection as a motion to remand, and responded to it as such. [7], [8] To the extent that the objection may be deemed to be a motion to remand, the undersigned presents this Report and Recommendation recommending that remand be denied.

Facts and Procedural History

Jerry Lee Warner is in custody of the Mississippi Department of Corrections (MDOC) serving a 30-year sentence for a January 1994 conviction of armed robbery from Holmes County, Mississippi. He is presently confined at South Mississippi Correctional Institution (SMCI). The action before the Court was initially filed as a habeas corpus proceeding in state court, although the complaint states it is filed "pursuant to Miss. Code Ann. §§ 11-46-1, 11-46-5 and 11-46-7," and Plaintiff Warner seeks money damages from Defendant Andy Ledbetter, who was allegedly a police officer of the city of Lexington, MS in 1993, and is alleged to now be a state parole or probation officer. [1-1, pp. 1-2] The statutes Warner cites are from the Mississippi Tort Claims Act (MTCA): § 11-46-1 contains the definitions of terms used in the chapter; § 11-46-5 is the

State's limited waiver of immunity from suit; and § 11-46-7 provides that the MTCA is the exclusive remedy pursuant to the waiver of immunity for any action for damages against a governmental entity or its employee acting within the course and scope of his employment.

In his complaint, Warner alleges that on January 21, 1993, while acting "under color of state law," Officer Ledbetter and Deputy Sheriff Danzell Bigbee kidnapped Warner and took him into custody in Neshoba County, on orders of Holmes County Sheriff Willie March. Warner claims this was done without an arrest warrant, without probable cause and without due process of law, in contravention of the Fourth, Fifth and Sixth Amendments of the United States Constitution and contrary to the Mississippi Constitution. [1-1]. Citing Mississippi criminal statutes on kidnapping and conspiracy,[1] Warner appears to seek criminal prosecution of the Defendant as well as money damages. [1-1, p. 6]

Because Warner's lawsuit included claims based on federal law, Ledbetter removed the action to this Court. Warner contends his claims[2] are brought exclusively under state law, hence removal was improper, a contention belied by the allegations of his complaint.

## Discussion

A federal district court has removal jurisdiction over an action if the district court could have exercised original jurisdiction over it. 28 U.S.C. § 1441(a). The substance of Warner's

---

[1]Miss. Code Ann. § 97-3-53 defines and states the punishment for the crime of kidnapping; § 99-1-5 provides that no period of limitations bars prosecution of certain crimes, including kidnapping; and § 97-1-1 defines and states the punishment for the crime of conspiracy.

[2]In particular, Warner asserts his claims for prosecution of violations of state criminal statutes lie within the exclusive jurisdiction of the state court. However, Warner cannot effect a criminal prosecution through civil litigation. Private citizens do "not have a constitutional right to compel a criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted). A "victim of a crime has no constitutionally protected interest in the prosecution ... of a perpetrator..." *Payne v. Jefferson Parish Sheriff's Dep't.*, 2014 WL 1154482, *2 (E.D. La. 2014) (citations omitted).

allegations shows he is claiming violation of federally protected rights, over which this Court possesses subject matter jurisdiction, *e.g.*, claims of arrest without a warrant, without probable cause, and in violation of due process rights, contrary to Amendments to the U.S. Constitution come within this Court's original jurisdiction.

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Where it is unclear whether a complaint seeks redress for violations under the U.S. Constitution or federal law, or solely under state law, the well-pleaded complaint rule does not preclude removal. *Woolever v. Taylor*, 2006 WL 1767847, at *2 (N.D., Miss. June 23, 2006).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Warner's objection to the removal of this action, or motion to remand if it be deemed such, be overruled or denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding

or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 9th day of May, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE