IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERRY LEE WARNER**                                                                      **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 3:18cv190-TSL-RHW**

**ANDY LEDBETTER**                                                                       **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is [9] a May 1, 2018 motion to dismiss filed by Defendant Andy Ledbetter in this lawsuit filed *pro se* by Jerry Lee Warner, a prisoner in custody of the Mississippi Department of Corrections (MDOC). Warner filed [32] his response in opposition to the motion on October 22, 2018, Ledbetter filed his reply [34] on October 29, 2018 and the matter is now ripe for ruling.

### Facts and Procedural History

On June 29, 1993, a Holmes County, Mississippi grand jury indicted Jerry Lee Warner for a January 18, 1993 armed robbery. The indictment charged Warner as a habitual offender. [1-2, pp. 16, 45]; *Warner v. King*, Civil Action 3:13cv200-TSL-JMR, document 3, page 103. Warner was convicted of the crime, and sentenced on April 7, 1994, to serve 30 years in custody of the MDOC. He is presently serving that sentence at South Mississippi Correctional Institution. The MDOC web site shows he entered the system April 12, 1994, and his tentative release date is April 22, 2023.

Warner originally filed this lawsuit in Holmes County Circuit Court on March 6, 2018, as a "civil action lawsuit in compliance Miss. Code Ann. §11-46-1; §11-46-5 and §11-46-7." The cited statutes are from the Mississippi Tort Claims Act (MTCA): §11-46-1 contains the definitions of terms used in the chapter; §11-46-5 is the State's limited waiver of immunity from suit; and §11-46-7 provides that the MTCA is the exclusive remedy for any action for damages

against a governmental entity or its employee acting within the course and scope of his employment.

Warner claims that Officer Ledbetter,[1] acting under color of state law and on orders from Holmes County Sheriff Willie March, kidnapped Warner by taking him into custody in Neshoba County on January 21, 1993, and detaining him without a warrant or probable cause, contrary to the dictates of the Fourth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution. [1-1, pp. 2-5] Warner also asserts claims of kidnapping and criminal conspiracy against Officer Ledbetter under criminal statutes - MISS. CODE ANN. §§97-3-53 and 97-1-1, respectively. [1-1, pp. 6-7] Warner seeks over $2,000,000 in damages for emotional distress, mental pain and suffering, mental anguish, lost wages and wage earning capability, loss of consortium; punitive damages; and costs and fees. [1-1, p. 9] On April 16, 2018, Warner filed a "Motion For Leave To File An Amended Complaint Plaintiff's Only Amending Relief Sought," seeking to add requests for declaratory judgment that Ledbetter's acts/omissions violated Warner's state and federal constitutional rights; declaratory judgment that Ledbetter's acts constituted the "tort of kidnapping" under the Mississippi criminal statute; an order from this Court directing state law enforcement authorities to investigate/prosecute his allegations against Ledbetter; and compensatory damages for "deprivation of liberty." [6]

Invoking federal question jurisdiction, Ledbetter removed the action to this Court on March 26, 2018 due to Warner's allegations of violation of due process arising from the arrest.[2]

---

[1] Ledbetter was allegedly an officer of the Lexington Police Department at the time of Warner's arrest, and is now a state employee. The City of Lexington is the County seat of Holmes County.

[2] Neshoba County Sheriff's officers arrested Warner, and found him in possession of the ID of J.C. Holt, the cashier robbed in the crime of which Warner stands convicted. [1-2, pp. 17, 19, 48]; *Warner v. King*, Civil Action 3:13cv200-TSL-JMR, document 3, page 103. The Court may consider attachments to the complaint and take judicial notice of documents of public record without converting the motion into one for summary judgment. *Collins v. Dean Witter*, 224 F.3d 496, 498 (5thCir. 2000); *Martin v. Rainbow Casino*, No. 5:11cv142-DCB-RHW, 2012 WL 1883673, at *1 (S.D. Miss. May 22, 2012).

Warner objected to the removal, but the Court denied remand, finding his pleadings show a claim of violation of federally protected rights over which the Court has subject matter jurisdiction. [12, Report and Recommendation], [23, Order adopting R&R].

In the motion now before the Court, Ledbetter contends Warner's federal and state due process claims are barred by the applicable statutes of limitations and by *Heck v. Humphrey*, 512 U.S. 477 (1994); and his claims of kidnapping and criminal conspiracy fail as a matter of law.

## Standard of Review

On a motion to dismiss, the Court must accept as true all well-pleaded facts and view them in the light most favorable to the Plaintiff. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 550 U.S. at 556 Whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679.

## Law and Analysis

Warner alleges he was arrested without warrant or probable cause in January 1993 in violation of his due process rights under the constitutions of the United States and the State of Mississippi. Under federal law, this is properly considered as a Fourth Amendment claim for unlawful arrest brought under 42 U.S.C. § 1983. The forum state's general statute of limitations for personal injuries applies to claims for constitutional violations under § 1983. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In Mississippi, such claims must be filed within three years. MISS. CODE ANN. §15-1-49; *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.

2007). The undersigned finds Warner's federal due process claim, filed 25 years after the arrest about which he complains, is barred by the three-year statute of limitations. Even if the claim were not time-barred, it is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). This is true because Warner's conviction of the armed robbery for which he was arrested has not been reversed, overturned or expunged, and a judgment in his favor would necessarily imply the invalidity of that conviction. *Id*., at 486-487; *Cano v. Bexar Cty*, Tex., 280 F. App'x. 404, 408 (5th Cir. 2008). To establish an unlawful arrest claim, Warner had the burden to show the lack of probable cause to arrest him for the armed robbery. His conviction on the charge - which has been affirmed on appeal and still stands - bars his claim that he was unlawfully arrested for the armed robbery. *Carney v. Lewis*, 2014 WL 7231772, at *2 (S.D. Miss. Dec. 18, 2014); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995); *Logan v. Louviere*, 1994 WL 83412, at*1 (5th Cir. Feb. 22, 1994). In *Bessent v. Clark*, 974 So.2d 928, 934 (Miss. App. 2008), the Mississippi Court of Appeals quoted *Heck* in holding a convicted prisoner "cannot sue ... government officials based on the constitutionality of his arrest pursuant to section 1983."

Warner's due process claim fares no better as a state law claim. The MTCA provides the exclusive remedy for any action for damages against a governmental entity or its employee acting within the course and scope of his employment. MISS. CODE ANN. §11-46-7; *Woolever v. Taylor*, 2006 WL 1767847, at *1 (N.D. Miss. June 23, 2006). Since Warner is suing Ledbetter for his actions as a Lexington city police officer, his state law due process claim must be brought under the MTCA. MISS. CODE ANN. §11-46-7(1); *City of Jackson v. Sutton*, 797 So.2d 977, 979-80 (Miss 2001). All claims brought under the MTCA must be filed within one year "after the date of the tortious, wrongful or otherwise actionable conduct ...." *Id*., §11-46-7(3)(a). The undersigned finds Warner's state due process claim, predicated on the alleged wrongful arrest in

1993, is untimely filed under the MTCA's one-year statute of limitations. Although, Mississippi has not expressly addressed the applicability of *Heck* to state law claims, the Fifth Circuit and sister courts in this Circuit have held state law claims barred under *Heck*. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (barring Texas state law claims "premised on the same basis advanced in support of his constitutional claim"); *Moreno v. Curry*, 2006 WL 3207984, at *4 (N.D. Tex. Nov. 7, 2006); *Manos v. Hawk*, 2015 WL 1737257, at *9 (N.D. Tex. Feb. 27, 2015) ("*Heck*'s logic extends outside of constitutional claims and applies to any claim – including state-law claims – based on factual allegations that are necessarily inconsistent with the validity of a conviction that has been neither reversed, expunged, nor otherwise declared invalid"); *Lavergne v. Martinez*, 2014 WL 897837, at *5 n.2 (W.D. La. Mar. 6, 2014) (recognizing the Fifth Circuit has applied *Heck* to bar Louisiana state law claims), *aff'd by* 567 F. App'x 267 (5th Cir. 2014); *Elphage v. Gautreaux*, 969 F.Supp.2d 493, 507 (M.D. La. 2013) (holding *Heck* barred plaintiff's state law claims for false arrest and imprisonment, as a favorable holding on those claims would undermine plaintiff's conviction for resisting an officer). Even if Warner's state law due process claim were not barred by the statute of limitations, the undersigned is of the opinion that Mississippi would likely find the claim barred by *Heck* because it is based on the same facts as his clearly *Heck*-barred Fourth Amendment claim.

Finally, Warner's kidnapping and conspiracy claims, brought under Mississippi criminal statutes, fail to state claims upon which relief can be granted. Mississippi holds it "a fundamental principle of statutory construction that statutes penal in nature must be strictly construed." *Quick Shops of Miss., Inc. v. Bruce*, 232 So.2d 351, 353 (Miss. 1970) (citations omitted). Nothing has been presented in the case at bar to show the statutes upon which Warner bases his claims provide for a private cause of action under state law; both statutes are clearly

penal in nature, and neither has any explicit provision for civil enforcement. *See Crosby v. Harriel*, No. 1:15cv413-LG-RHW, 2016 WL 918036, at *3 (S.D. Miss. Mar. 10, 2016). The undersigned concludes there is no private cause of action for violation of either MISS. CODE ANN. § 97-1-1 (conspiracy) or § 97-3-53 (kidnapping), therefore the statutes provide no foundation for Warner's claims. Furthermore, it is well-settled that a private citizen does "not have a constitutional right to compel a criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). As the Court stated in *Madden v. Harrison County*, 2010 WL 1238972, at *4 (S.D. Miss. Feb. 25, 2010), "Criminal statutes can neither be enforced by civil action nor by private parties." (citation omitted). See also, *Payne v. Jefferson Parish Sheriff's Dep't.*, No. 14-225, 2014 WL 1154482, *2 (E.D. La. 2014) (citations omitted) ("victim of a crime has no constitutionally protected interest in the prosecution or pursuit of a perpetrator," nor any constitutional right "to have criminal charges investigated or brought against another individual;" *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) ("decision to file or not file criminal charges ... will not give rise to section 1983 liability").

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that Ledbetter's motion to dismiss be granted, and Warner's complaint be dismissed for failure to state a claim upon which relief can be granted. This will render moot Warner's motion for leave to amend his complaint regarding the relief he seeks.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his

written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Signed, this the 10th day of December, 2018.

                              /s/ *Robert H. Walker*
                              ROBERT H. WALKER
                              UNITED STATES MAGISTRATE JUDGE